UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNEDY JACKSON (#297999)

VERSUS                                            CIVIL ACTION

LT. HARTLEY                                       NUMBER 10-792-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 3, 2011.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNEDY JACKSON (#297999)

VERSUS                                                CIVIL ACTION

LT. HARTLEY                                           NUMBER 10-792-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of defendant Lt. Marvin Hartley. Record document number 20. The motion is opposed.[1]

For the reasons which follow, the defendant's motion should be denied.

**Background**

Pro se plaintiff, an inmate confined at Hunt Correctional Center (HCC), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Marvin Hartley. Plaintiff alleged that on August 28, 2009, the defendant beat him without provocation in violation of his constitutional rights. Specifically, the plaintiff alleged that on August 28, 2009, he and inmate Craig Beacegeay were issued disciplinary reports for aggravated fighting. Plaintiff alleged that he was placed in a shower cell in administrative segregation where he was strip searched, given a

---

[1] Record document number 22.

white jumpsuit and was handcuffed behind his back. Plaintiff alleged that he was removed from the shower cell and while being escorted to his cell by the defendant and Sgt. McDavid, he engaged in a verbal argument with Beacegeay who was confined in a cell on the same tier. Plaintiff alleged that the defendant became enraged and slammed the plaintiff's head into a concrete wall and began beating him. Plaintiff alleged that Sgt. McDavid pleaded with the defendant to stop the physical attack but the defendant continued to beat and stomp the plaintiff's face and torso. Plaintiff alleged that when two other correctional officers arrived on the scene, the defendant stopped beating him. Plaintiff alleged that in order to cover up his wrongdoing, the defendant issued him false disciplinary reports accusing him of removing his restraints with a homemade key and attempting to strike the defendant. Plaintiff sought declaratory relief, and compensatory and punitive damages.

Lt. Hartley moved for summary judgment on the ground that the plaintiff failed to exhaust available administrative remedies regarding the claims against him before bringing his suit.[2] Lt. Hartley relied on a statement of undisputed facts, the affidavit of Laurita Woods, the results of Administrative Remedy Procedure

---

[2] Defendant also cited case law on qualified immunity, but he did not attempt to show how the law applies to the facts the plaintiff alleged.
    Defendant also sought dismissal of the plaintiff's claims insofar as he was sued in his official capacity. Plaintiff's claims against the defendant in his official capacity were previously dismissed. Record document number 13.

(hereinafter ARP) HCC-09-1006, a copy of Department Regulation No. B-05-005 and a copy of Orientation Information for HCC inmates.

## Applicable Law

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence; opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v.*

*Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id*., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

**Analysis**

The summary judgment evidence showed that the plaintiff filed an administrative grievance which was accepted into the procedure and assigned ARP number HCC-2009-1006. The summary judgment evidence showed that the ARP was rejected on ground that it was untimely.

There is no dispute that the Administrative Remedy Procedure requires that an inmate must begin the process within 90 days of an

4

alleged incident.[3]  It is undisputed that the alleged incident took place on August 28, 2009.  Plaintiff's ARP is not dated.  However, in his verified complaint the plaintiff alleged that he submitted his ARP to prison personnel for mailing to the warden on November 24, 2009.[4]  This was during the week of the Thanksgiving holiday, and mail was not processed until the following Monday, November 30. Plaintiff essentially alleged in his complaint that prison officials should have applied the "mailbox rule" when determining whether the ARP was filed timely,[5] and their failure to do so resulted in it being improperly rejected as untimely.

Although Louisiana courts have applied the mailbox rule, recognized in the federal courts in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988), to cases seeking judicial review of administrative proceedings, *Shelton v. Louisiana Department of Corrections*, 691 So.2d 159 (La. App. 1st Cir. 1997), no reported

---

[3] Record document number 20-7, exhibit 5, p. 11, Department Regulation No. B-05-005, Administrative Remedy Procedure, Fist Step ("The inmate commences the process by writing a letter to the Warden ... This letter shall be written to the warden within 90 days of an alleged event."

[4] A review of the record showed that the plaintiff filed a verified complaint in which he alleged that he submitted his ARP to prison officials on November 24, 2009.  The court can properly treat this verified pleading as an affidavit in opposition to the defendant's motion for summary judgment since the plaintiff was competent and made the assertions based on personal knowledge. *See, Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77 (5th Cir. 1987).

[5] Plaintiff cited *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988).

5

cases have extended the rule to the internal prison Administrative Remedy Procedure.

The court need not decide whether the mailbox rule applies because there is a disputed issue of material fact as to the date the plaintiff's ARP was received by prison officials. According to the affidavit of Laurita Woods, the prison employee in charge of screening ARPs, they "are stamped at the time of their receipt and forwarded to the Warden for further handling."[6] Although Woods reviewed the record of the plaintiff's ARP, and stated that the date of the "initial request", i.e. the plaintiff's ARP, was November 30, 2009, it is not clear that this is the stamped date of receipt. A review of the ARP records reveals that the plaintiff's Request for Administrative Remedy is not stamped with the date of receipt.[7] The only stamp on it is the Warden's Office "REJECTED" stamp dated December 8, 2009. Although the defendant provided the Administrative Remedy Procedure & Property Claims Input Screen, which shows "11/30/2009" in the DATE RECEIVED column, the defendant has not shown that this is the stamped date of receipt on the ARP.[8]

---

[6] Record document number 20-5, exhibit 3, ¶ 7. Defendant reiterated this statement in his supporting memorandum. Record document number 20-2, p. 14 ("ARP requests which are received are date-stamped, screened for completeness and emergency situations, logged in, assigned a case number, and set aside for later handling in the order in which they are received.")

[7] Record document number 20-4, exhibit 2, pp. 5-6.

[8] To support his argument that the plaintiff's ARP was
(continued...)

Therefore, there is a genuine dispute as to the date the plaintiff initiated the administrative remedy procedure

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed on behalf of defendant Lt. Marvin Hartley be denied.

Baton Rouge, Louisiana, June 3, 2011.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[8](...continued)
untimely, the defendant referred to exhibit 2, page 8 of 8.  But exhibit two has only six pages.