UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNEDY JACKSON (#297999)

VERSUS                                              CIVIL ACTION

LT. HARTLEY                                         NUMBER 10-792-JJB-SCR

<u>NOTICE</u>
<u>and</u>
<u>ORDER FIXING TIME TO RESPOND</u>

Before the court is the Defendant's Motion for Summary Judgment.[1]  No opposition has been filed.

A review of the allegations in the plaintiff's complaint, together with the Defendant's Motion for Summary Judgment and his supporting evidence, indicate that summary judgment may be warranted on a ground not raised by the defendant.

Specifically, because the plaintiff's § 1983 excessive force claim, if successful, would invalidate the decision of the disciplinary board, which found him guilty of the disciplinary charge for defiance and imposed a loss of 30 days good time credits, the plaintiff's excessive force claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).  The Supreme Court has applied the *Heck* analysis to a claim made by a prisoner challenging prison disciplinary

---

[1] Record document number 30.

proceedings which resulted in a change to the length of the prisoner's incarceration due to a loss of good time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-649, 117 S.Ct. 1584, 1586-89 (1997).

Applying the *Heck/Balisok* analysis, the plaintiff's claim for damages attributable to the alleged use of excessive force during the August 28, 2009 incident is not cognizable at this time. A finding in his favor on this claim would imply that the disciplinary charges for defiance (asserting that he removed his left hand from the restraints and swung at the defendant which then necessitated the use of force by the defendant) was invalid. This finding would call into question the disciplinary sentence, which effectively lengthened the plaintiff's confinement through the deprivation of his good-time credits. Because the alleged excessive force claim is inextricably intertwined with the associated disciplinary charges and, in the absence of a showing that the disciplinary sentence has been overturned, the claim is not cognizable under § 1983.

Pursuant to Rule 56(f), Fed.R.Civ.P., the parties are hereby placed on notice that the court may grant the defendant's motion for summary judgment on a ground not raised by the defendant.

Therefore;

IT IS ORDERED that the parties shall have 14 days to file a response to this notice. The response may include identification

of, and support for, any genuinely disputed material facts and the legal authorities which indicate that summary judgement for the defendant on the ground stated above is not appropriate, along with a supporting memorandum.

Baton Rouge, Louisiana, January 11, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE